1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

 - - - - - - - - - - - - -   X

UNITED STATES OF AMERICA,    :    15 CR 116

                             :

      -against-              :
                                  United States Courthouse
                                  Brooklyn, New York
TAIROD NATHAN WEBSTER PUGH   :

                                  March 18, 2015
         Defendant.          :    11:00 o'clock a.m.

 - - - - - - - - - - - - -   X

              TRANSCRIPT OF ARRAIGNMENT
              BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
              SENIOR UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Government: | LORETTA E. LYNCH<br>United States Attorney<br>BY: SAMUEL P. NITZE<br>     TIANA A. DEMAS<br>Assistant United States Attorneys<br>271 Cadman Plaza East<br>Brooklyn, New York |
| For the Defendant: | MICHAEL K. SCHNEIDER, ESQ.<br>Federal Defenders of New York |
| Court Reporter: | Gene Rudolph<br>225 Cadman Plaza East<br>Brooklyn, New York<br>(718) 613-2538 |

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

GR        OCR        CM        CRR        CSR

2

1  THE CLERK:  Criminal cause for arraignment.
2  Counsel, please state your appearances.
3  MR. NITZE:  Sam Nitze and Tiana Demas for the United
4  States.
5  Good morning, Your Honor.
6  THE COURT:  Good morning.
7  MS. DEMAS:  Good morning.
8  MR. SCHNEIDER:  Federal Defenders by Michael
9  Schneider for Mr. Pugh.
10  Good morning.
11  THE COURT:  Good morning.
12  Sir, just tell me your full name.
13  THE DEFENDANT:  Tairod Nathan Webster Pugh.
14  (Door buzzes in courtroom.)
15  THE COURT:  Sorry for the interruption.  Tell me
16  again your name.
17  THE DEFENDANT:  Tairod Nathan Webster Pugh.
18  THE COURT:  Thank you all right.
19  This is an arraignment for you, Mr. Pugh.  I am
20  going to read the indictment, which is brief.  It reads as
21  follows:
22  "The grand jury charges, Count One, Attempt to
23  Provide Material Support to Foreign Terrorist Organization.
24  One.  On or about and between May 15, 2014 and
25  January 12, 2015, both dates being approximate and inclusive,

GR        OCR        CM        CRR        CSR

3

within the extraterritorial jurisdiction of the United States, the defendant Tairod Nathan Webster Pugh did knowingly and intentionally attempt to provide material support and resources, as defined in 18 United States Code Section 2339A(b), including personnel, including Pugh himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant.

Count Two, Obstruction and Attempted Obstruction of an Official Proceeding.

Two.  On or about and between January 10, 2015 and January 16, 2015, within the Eastern District of New York and elsewhere, the defendant Tairod Nathan Webster Pugh did knowingly, intentionally and corruptly, A, alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: four USB thumb drives bearing the numbers 20071464R5, NMC 850160, AR212W and 484R1, and the files and images contained thereon, and attempt to do so, with the intent to impair such items' integrity and availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York relating to the commission and possible commission of one or more terrorism offenses, including the offense charged in Count One, the grand jury terrorism investigation; and, B, obstruct, influence and impede an official proceeding, to wit: the grand jury terrorism investigation, and attempt to do so."

In addition, there is a criminal forfeiture allegation as to Counts One and Two, in which the United States gives notice to the defendant that "upon his conviction of either of the offenses charged in Counts One and Two, the government will seek in accordance with Title 18, United States Code, Section 981(a)(1)(C) and (G) and Title 18, United States Code, Section 2461(c), which requires the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to said offenses; and, B, all assets, foreign or domestic: 1, of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over such entity or organization; 2, acquired or maintained by any person with the intent for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States; or their property; 3, derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States or their property; or, four, any individual, entity or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign

5

1  Government, including but not limited to the following."
2          The items are, one HP Laptop Computer, one Apple
3  iPod, one Samsung Galaxy S4 Mobile Telephone, one Pixel Mobile
4  Telephone, and five USB thumb drives.
5          Mr. Schneider, have you discussed the charges set
6  forth in Counts One and two of the indictment with your
7  client?
8          MR. SCHNEIDER:  Yes, I have.
9          THE COURT:  Does your client wish to enter a plea at
10 this time as to the charges in the indictment?
11         MR. SCHNEIDER:  Yes.
12         He will plead not guilty to each count.
13         THE COURT:  All right.  A plea of not guilty is
14 entered as to both counts of the indictment, which brings us
15 to the next step.
16         Is there discovery?
17         MR. NITZE:  There is discovery, which will be going
18 out to the defense shortly, Your Honor.  The parties expect to
19 be engaging in plea discussions.  We understand Your Honor has
20 time on May 8th at 10:30 and we would ask that the case be put
21 on then.  Certainly, if the case could be resolved before
22 then, we could be in touch with you.  But we'd ask the case be
23 put down for status conference on that date.
24         MR. SCHNEIDER:  I agree.
25         THE COURT:  All right.  Just one minute.

1           (Pause)
2           May 8th at 10:30?
3           MR. NITZE:  Yes.
4           THE COURT:  All right.
5           MR. NITZE:  We would ask that time be excluded in
6   the interest of justice to permit us to engage in those
7   discussions without putting at risk anybody's ability to
8   prepare for trial.
9           MR. SCHNEIDER:  I agree.
10          THE COURT:  All right.  May 8th, at 10:30, for a
11  status conference.  Time is excluded under the Speedy Trial
12  Act in the interest of justice on consent of the parties for
13  review of discovery and plea negotiations.
14          It seems that the charges here are pretty
15  straightforward.  I am prepared to go to trial at the earliest
16  possible time with regard to this defendant.  How soon can the
17  government be ready for trial?
18          MR. NITZE:  The government could be ready for trial
19  quickly.
20          THE COURT:  How about the defense?
21          MR. SCHNEIDER:  Before I could contemplate trying
22  this case, I would need a bit by bit copy of the hard drive
23  computer the government says was seized from my client.  I'd
24  have to have that reviewed by a forensic expert.  That's the
25  only delaying factor that I could envision.

7

1         MR. NITZE: One other potential factor would be
2 requests for evidence through Mutual Legal Assistance
3 Treaties. That also could take some time.
4         MR. SCHNEIDER: Some of the witnesses are obviously
5 going to be from Turkey and Egypt, I assume. So that could be
6 a delaying factor, I think is what the government is saying.
7         THE COURT: Let me just say this. I am prepared to
8 try this case this summer. Don't make any vacation plans. I
9 am available to try it. I think an early trial is appropriate
10 in a case such as this. You can pencil in July and start
11 getting all of the evidence and all of the analysis taken care
12 of. It is March. That gives you plenty of time.
13         I am disinclined to stretch this out beyond the
14 summer. There will be more to discuss when we meet on
15 May 8th, but I would like a full report as to the status of
16 all the analyses that are being done and all the availability
17 of witnesses so that we can move forward with it at the
18 earliest possible time to trial, if there is not a disposition
19 short of trial.
20         Mr. Nitze?
21         MR. NITZE: Understood.
22         THE COURT: Anything else?
23         MR. SCHNEIDER: No.
24         THE COURT: The Magistrate Judge ordered an order of
25 detention pending trial. That remains in effect.

8

1   Is there anything further for today?
2   MR. NITZE:  Nothing from the government.
3   THE COURT:  Anything from you, sir?
4   MR. SCHNEIDER:  No.
5   THE COURT:  I will see you on May 8th.
6   Thank you.
7   MR. NITZE:  Thank you, Judge.
8   MS. DEMAS:  Thank you.
9   (Matter concludes.)

GR        OCR        CM        CRR        CSR

C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

s/Gene Rudolph, Official Court Reporter


Date:    March 18, 2015

GR        OCR        CM        CRR        CSR