SPN/TAD/MEB
F.#2015R00079

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    15-CR-116 (NGG)

     - against -

TAIROD NATHAN WEBSTER PUGH,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

THE GOVERNMENT'S REQUEST TO CHARGE

          ROBERT L. CAPERS
          UNITED STATES ATTORNEY
          Eastern District of New York
          271 Cadman Plaza East
          Brooklyn, New York 11201

Samuel P. Nitze
Tiana A. Demas
Mark E. Bini
Assistant United States Attorneys
    (Of Counsel)

## PRELIMINARY STATEMENT

The government respectfully requests that the Court include the attached

instructions in its charge to the jury and requests leave to offer such additional instructions as may

become appropriate during the course of the trial.

REQUEST NO. 1

General Requests

The government requests that the Court charge the jury in its usual manner on the following subjects:

(a)   Function of the Court, the Jury, and Counsel;

(b)   Jury Communications with Lawyers and the Court;

(c)   Equality of the Prosecution and the Defense before the Court;

(d)   Presumption of Innocence;

(e)   Burden of Proof and Reasonable Doubt;

(f)   Function of the Indictment and What is Not Evidence;

(g)   Circumstantial Evidence and Direct Evidence;

(h)   Inferences Drawn from the Evidence;

(i)   All Available Evidence Need Not Be Produced;

(j)   Stipulations;

(k)   Objections;

(l)   Credibility of Witnesses and Discrepancies in Testimony;

(m)   Jury's Right to See Exhibits and Have Testimony Read During Deliberations;

(n)   No Inference to be Drawn From Defendant's Failure to Testify (if applicable);

(o)   Testimony of Defendant (if applicable);

(p)   Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited;

(q)   Considerations of Punishment Not the Province of the Jury;

(r)   Dates in Indictment are Approximate;

(s)   Specific Law Enforcement Techniques Not Required;

(t)     Meaning of "And" in the Indictment; and

(u)     Use of Charts and Summary Exhibits.

<u>REQUEST NO. 2</u>

<u>Knowing and Intentional Conduct</u>

Count One of the Indictment requires the government to prove that the defendant acted knowingly and intentionally.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

A person acts intentionally when he acts deliberately and purposefully.   The defendant need not have been aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of mistake or accident.   The issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly.   A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance.   You are asked to do the same here.

<u>Authority</u>

Adapted from the charge of the Hon. Nicholas G. Garaufis in <u>United States v. Ronald Herron</u>, 10-CR-615 (NGG); <u>see also</u> Sand et al., <u>Modern Federal Jury Instructions</u> ("Sand"), Form Instructions 3A-1 and 3A-4;

## REQUEST NO. 3

### Count One

### Attempted Provision of Material Support to a Foreign Terrorist Organization

Count One of the Indictment reads as follows:

On or about and between May 15, 2014 and January 12, 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant TAIROD NATHAN WEBSTER PUGH did knowingly and intentionally attempt to provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including personnel, including PUGH himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant.

The statute relevant to Count One is Section 2339B(a)(1) of Title 18, United States Code, which provides in relevant part:

Whoever knowingly provides material support or resources to a

foreign terrorist organization, or attempts . . . to do so . . . shall be

punished.

REQUEST NO. 4

Elements of Count One
(18 U.S.C. § 2339B(a)(1))

To prove a violation of Section 2339B(a)(1), the government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant attempted to provide material support or resources;

Second, that the defendant attempted to provide this support or these resources to a foreign terrorist organization, specifically the Islamic State of Iraq and the Levant, which is also known as, among other names, ISIS, ISIL, and "the Islamic State," and which I will refer to in these jury instructions as ISIL;

Third, that the defendant did so knowingly and intentionally; and

Fourth, either (1) that after the conduct required for the offense occurred and the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; or (2) the offense occurred in whole or in part within the United States.

With respect to the first element of this count, the government must prove beyond a reasonable doubt that the defendant attempted to provide material support or resources. Material support or resources can take the form of personnel. The term personnel means one or more persons, which can include a defendant's own person. The defendant can be convicted for a violation of this statute in connection with attempting to provide personnel if you find that he has knowingly attempted to provide one or more individuals, which may include himself, to work under ISIL's direction or control.

7

The second element you must find beyond a reasonable doubt is that the defendant attempted to provide these resources to a foreign terrorist organization, namely, ISIL.   I instruct you as a matter of law that ISIL has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated under a previous name, "al-Qaeda in Iraq" by the Secretary on October 15, 2004.   I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing:   the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-ʿIraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production.   Consequently, if you find beyond a reasonable doubt that the defendant attempted to provide "material support or resources," as I have just defined the term, to ISIL during the period charged in the Indictment, the government's burden with respect to this element has been met.

The third element you must find beyond a reasonable doubt is that in attempting to provide material support or resources to ISIL, the defendant did so knowingly and intentionally.   I previously explained to you the definitions of "knowingly" and "intentionally."   For this element to be satisfied, the government must prove that the defendant knew one of the following three things: (1) that ISIL had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIL engaged in "terrorist activity"; or (3) that ISIL engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

1.  Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

8

2.   Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3.   A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4.   Assassination;

5.   Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6.   Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7.   A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

For the fourth element, you must find beyond a reasonable doubt that either (1) after the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; or (2) the offense occurred in whole or in part within the United States.

<u>Authority</u>

Adapted from charge of the Hon. Raymond J. Dearie in <u>United States v. Abid</u> <u>Naseer</u>, 10-CR-19 (S-4)(RJD), and the charge of the Hon. John Gleeson in <u>United States v. Betim</u> <u>Kaziu</u>, 09-CR-660 (S-1)(JG).

10

REQUEST NO. 5

Attempt to Commit a Crime

In order to prove the charge of Attempted Provision of Material Support to a

Foreign Terrorist Organization, the government must prove the following two elements beyond a

reasonable doubt:

First, that the defendant intended to commit the crime of Providing Material

Support to a Foreign Terrorist Organization; and

Second, that the defendant did some act that was a substantial step in an effort to

bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.   In order

to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant

intended to commit the crime charged, and that he took some action which was a substantial step

toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step

toward the commission of the crime, it is necessary to distinguish between mere preparation on the

one hand, and the actual doing of the criminal deed on the other.   Mere preparation, which may

consist of planning the offense, or of devising, obtaining or arranging a means for its commission,

is not an attempt, although some preparations may amount to an attempt.   The acts of a person

who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate

an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to

culminate in the commission of the crime.   A defendant may be convicted of attempt even where

significant steps necessary to carry out the substantive crime are not completed.

11

<u>Authority</u>

Sand, Form Instruction 10-1; <u>United States v. Yousef</u>, 327 F.3d 56, 134 (2d Cir.

2003).

REQUEST NO. 6

Count Two

Obstruction of an Official Proceeding

Count Two of the Indictment reads in pertinent part:

On or about and between January 10, 2015 and January 16, 2015, within the Eastern District of New York and elsewhere, the defendant TAIROD NATHAN WEBSTER PUGH did knowingly, intentionally and corruptly: (a) alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: four USB thumb drives bearing the numbers 20071464R5, NMC850160, AR212W and 484R1, and the files and images contained thereon, and attempt to do so, with the intent to impair such items' integrity and availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York relating to the commission and possible commission of one or more terrorism offenses, including the offense charged in Count One (the "Grand Jury Terrorism Investigation").

The statute relevant to Count Two is Section 1512(c)(1) of Title 18, United States

Code, which provides in relevant part:

Whoever corruptly—alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be punished.

13

REQUEST NO. 7

Elements of Count Two
(18 U.S.C. § 1512(c)(1))

To prove a violation of Section 1512(c)(1), the government must establish each of

the following elements beyond a reasonable doubt:

First, that the defendant altered (or destroyed or mutilated or concealed) any record,

document or tangible object, as alleged in the Indictment;

Second, that the defendant acted with the intent to impair the object's integrity or

availability in an official proceeding; and

Third, that the defendant acted corruptly.

The first element the government must prove beyond a reasonable doubt is that the

defendant altered (or destroyed or mutilated or concealed) any record, document or tangible

object, as alleged in the Indictment.

The second element the government must prove beyond a reasonable doubt is that

the defendant acted with the intent to impair the object's integrity or availability in an official

proceeding.   An official proceeding means a proceeding before a court, judge or federal agency.

The proceeding may be civil or criminal. You are instructed that a proceeding before a federal

grand jury is an official proceeding.   The law does not require that the federal proceeding be

pending at the time of the defendant's actions as long as the proceeding was foreseeable such that

the defendant knew that his actions were likely to affect the proceeding.   In addition, the

government does not have to prove that the defendant knew that the proceeding would be in

federal court.

The third element the government must prove beyond a reasonable doubt is that the defendant acted corruptly.   To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

<u>Authority</u>

Adapted from Sand, Form Instruction 2-46.

REQUEST NO. 8

Testimony of Government Employees

During the trial, you heard testimony from government employees, including law enforcement officers.

The fact that a witness is a government employee does not mean that his or her testimony is entitled to any greater weight.   By the same token, the witness's testimony is not entitled to less consideration simply because he or she is a government employee.

You should consider the testimony of government employees just as you would consider any other evidence in the case and evaluate their credibility just as you would that of any other witness.   After reviewing all the evidence, you will decide whether to accept the testimony of government employee witnesses, and what weight, if any, that testimony deserves.

Authority

Adapted from charge of the Hon. Nicholas G. Garaufis in United States v. Micheal Ledee, 11-CR-175 (NGG), and the charge of the Hon. I. Leo Glasser in United States v. Buntin McPherson, 90-CR-896 (ILG).

16

REQUEST NO. 9

Lawful Border Search

You have heard testimony that the defendant was stopped at John F. Kennedy International Airport upon his arrival from another country, and that he was questioned and searched.

Because the United States has the right to protect its borders and to control the entry of persons or things across its borders, these actions of the United States authorities in relation to the defendant were lawful.


Authority

Adapted from the charge of the Hon. Joseph Bianco in United States v. Kwame Richardson, 09-CR-873 (JFB), and the charge of the Hon. Kiyo A. Matsumoto in United States v. Stephanie Broughton, 13-CR-164 (KAM).

17

REQUEST NO. 10

Expert Testimony

During the course of this trial you have heard the testimony of individuals referred to as experts in certain fields.   This testimony is what is characterized by lawyers and judges as opinion testimony.

If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may be called to testify about such evidence or facts at issue in the form of an opinion.

The Rules of Evidence ordinarily do not permit witnesses to testify to opinions or conclusions.   An exception to this rule exists for expert witnesses who may state their opinions and who may also state the reasons for their opinions.   You should consider the expert's opinions and give them as much weight as you think they deserve in light of all the evidence in the case.   If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.   You should not accept the witness's testimony merely because he or she is an expert, nor should you substitute it for your own reason, judgment, or common sense.

Expert witnesses are, in all other respects, the same as the other non-expert witnesses.   You should consider the expert's qualifications, experience, interest in the outcome in the case, if any, demeanor and all the other factors you have been instructed to consider in assessing the credibility of a witness.

18

<u>Authority</u>

Adapted from charge of the Hon. Nicholas G. Garaufis in <u>United States v. Micheal Ledee</u>, 11-CR-175 (NGG).

REQUEST NO. 11

Interviewed Witnesses

During the course of trial you heard testimony that the attorneys interviewed witnesses when preparing for the trial.   You must not draw any unfavorable inference from that fact.   On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial.

Authority

Adapted from charge of Hon. I. Leo Glasser in United States v. Young Taek Lee, 93-CR-1072 (ILG).

REQUEST NO. 12

Uncalled Witnesses Equally Available To Both Sides

Both the government and the defense have the same power to (1) subpoena witnesses to testify on their behalf; or (2) depose witnesses located abroad, who would be otherwise unavailable to testify at a trial in the United States, for the purpose of using their recorded deposition testimony at trial.

If a potential witness could have been called to testify at trial, or deposed to testify abroad, by either the government or the defendant, and neither party called the witness, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

Authority

Adapted from Sand, Form Instruction 6-7; United States v. Rosa, 11 F.3d 315, 342 (2d Cir. 1993).

CONCLUSION

The government respectfully requests that the Court include the foregoing in its

instructions to the jury.


Dated:  Brooklyn, New York
        February 22, 2016


                                    Respectfully submitted,

                                    ROBERT L. CAPERS
                                    United States Attorney

                        By:     /s/
                                    Samuel P. Nitze
                                    Tiana A. Demas
                                    Mark E. Bini
                                    Assistant U.S. Attorneys
                                    (718) 254-7000