UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

UNITED STATES OF AMERICA

      -against-

TAIROD NATHAN WEBSTER PUGH,

                     Defendant.

-----------------------------------------------------------------------X

**JURY CHARGE**

**15-CR-116 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Now that the evidence in this case has been presented and the attorneys for the Government and the Defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.[1]  My instructions will be in three parts:

First:  I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second:  I will instruct you regarding the legal elements of the crimes charged in the Indictment—that is, the specific elements that the Government must prove beyond a reasonable doubt to warrant a finding of guilt as to each crime; and

Third:  I will give you some general rules regarding your deliberations.

---

[1] Statutory language quoted in this Final Charge is set forth in bold lettering.

1

**PART I**

### 1.    The Role of the Court

Members of the jury, you now have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as stating the law on its own. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base your verdict upon any view of the law other than that which I give you.

### 2.    The Duties of the Jury

To begin with, it is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts. Therefore, it is for you and you alone to decide the weight of the evidence, to resolve such conflicts that may have appeared in the evidence, and to draw such inferences that you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

2

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some of the legal rules, you must be guided only by my instructions about the rules. You must follow all of the rules as I explain them to you. You may not follow some of the rules and ignore the others. Even if you disagree with the rules or do not understand the reasons for them, you are bound to follow the legal rules that I describe.

### 3.   Parties are Equal Before the Court

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the Defendant. By the same token, it is entitled to no less consideration. The parties, the United States Government and the Defendant, are equal before this court, and they are entitled to equal consideration. Neither the Government nor the Defendant is entitled to any sympathy or favor.

At times during the trial, I may have found it necessary to admonish the lawyers. You should not, however, let that prejudice you toward a lawyer or that lawyer's client because I have found it necessary to correct him or her. To the contrary, each attorney in this trial has professionally and competently served his or her client, and the court has great respect for all the attorneys in this courtroom.

### 4.   Presumption of Innocence

The Indictment that was filed against the Defendant is the means by which the Government gave him notice of the charges against him and brought him before the court. It is

3

nothing more. The Indictment is only an accusation. The Indictment is not evidence and you are to give it no weight in arriving at your verdict.

The Defendant pleaded "not guilty" in response to the Indictment. He is presumed to be innocent unless and until his guilt has been proven beyond a reasonable doubt. I therefore instruct you that the Defendant is to be presumed by you to be innocent throughout your deliberations on each count in which he is charged until such time, if ever, that you as a jury are satisfied that the Government has proved him guilty beyond a reasonable doubt on that count. The presumption of innocence alone, unless overcome, is sufficient to acquit him. The Defendant is on trial only for the crimes charged in the Indictment, and not for anything else.

### 5.     Burden of Proof on Government

Since the law presumes the Defendant to be innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendant never has the burden of proving his innocence or of producing any evidence at all. As a result, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, including any expert witnesses, or producing any evidence.

### 6.     Proof Beyond a Reasonable Doubt

For each crime with which the Defendant is charged, the Government must prove each element of the crime beyond a reasonable doubt. I will explain the elements of the crimes that the Indictment charges later on, but now I will address the phrase "reasonable doubt."

4

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. The Government is not required to prove the Defendant's guilt to a mathematical certainty. Rather, the test is one of reasonable doubt.

A reasonable doubt is a doubt based on reason and on common sense. Therefore, proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

This means that after you have considered all of the evidence in this case, if you have a doubt that is based on your own experience, judgment, and common sense, you must find the Defendant not guilty of the crime in question. A reasonable doubt, however, is not a doubt that arises out of whim or speculation. Nor is a reasonable doubt an excuse to avoid performing an unpleasant duty.

You should consider all of the proof presented at trial, or any lack of proof, in determining whether you have a reasonable doubt. In considering each count in the Indictment, unless the Government proves beyond a reasonable doubt that the Defendant has committed each and every element of the offense charged in the count, you must find the Defendant not guilty of that offense.

You should consider each count of the Indictment separately. It is thus possible for you to find the Defendant guilty on one count and not guilty on another count. Conversely, you might find the Defendant guilty of each crime charged in the Indictment, or you might find him not guilty of all of the crimes charged in the Indictment.

On any count of the Indictment, if, after fair and impartial consideration of all the evidence, you honestly conclude that you have such a doubt that would cause a prudent person to

5

hesitate to act in matters of importance in his or her own life, then you have a reasonable doubt. In that event, it is your duty to acquit the Defendant on that count.

If, on the other hand, after fair and impartial consideration of all the evidence, you do not have such a doubt, then you have no reasonable doubt and, in that circumstance, you should convict the Defendant on that count.

**7.    Venue**

You may have heard of the concept of venue. Venue refers to the location of the charged crimes. Here, Defendant has agreed to have this case decided in this District. Therefore, you should not concern yourselves with the concept of venue in this case.

**8.    Dates Approximate**

The Indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

**9.    The Evidence**

a.    **What is Evidence**

I now wish to instruct you as to what is evidence and how you should consider it. The evidence you will use to decide what the facts are comes in three forms:

(1)    sworn testimony of witnesses, both on direct and cross-examination;

(2)    exhibits that have been received by the court in evidence; and

6

(3)     stipulations that have been entered into by the parties.

If evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

b.     **What is Not Evidence**

In deciding the facts, you must disregard the following things, which are not evidence:

(1)     Arguments or statements by lawyers are not evidence.

(2)     Questions put to the witnesses are not evidence.

(3)     The Indictment is not evidence.

The Indictment is merely a statement of charges and not itself evidence.

(4)     Transcripts of audio recordings are not evidence.

The Government has been permitted to distribute and display typed documents, which contain the Government's interpretation of what appears on audio recordings that have been received as evidence. Those documents were provided to you as an aid or guide to assist you in listening to the recordings. However, they are not in and of themselves evidence. You alone should decide what appears on the recordings based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.

(5)     Objections to the questions or to offered exhibits are not evidence.

In this regard, the attorneys for both the Government and the Defendant have a duty to their clients to object when they believe certain evidence should not be received. You should not be influenced by the objections or by the court's rulings on the objections. If an objection was sustained, ignore the question and the answer, if an answer was given. If an objection was overruled, treat the answer like any other answer.

7

(6)    Charts and summaries.

The parties have presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and they are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

(7)    Anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence or lack of evidence developed at trial. You are not to engage in speculation or guesswork.

In reaching your decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the Defendant's race, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the Government has the same burden of proof in all criminal cases.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

It would also be improper for you to draw any conclusions about the Defendant's guilt or innocence from anything you may or may not have observed about the spectators inside or

8

Case 1:15-cr-00116-NGG   Document 113   Filed 03/07/16   Page 9 of 31 PageID #: 963

outside the courtroom. As I have said, your verdict must be based solely upon the evidence presented at trial.

Under your oath as jurors, you are not to be swayed by sympathy for one side or the other. You are to be guided solely by the evidence in this case. The crucial, central question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt as to a particular charged crime, you must render a verdict of not guilty. But on the other hand, if you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you should not hesitate to render a verdict of guilty because of sympathy or any other reason.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

c. **Direct and Circumstantial Evidence:**

I have already told you that evidence comes in various forms, such as the sworn testimony of witnesses, exhibits, and stipulations.

This evidence may take two different forms: direct evidence and circumstantial evidence.

    (1)    Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.

9

So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it, is providing direct evidence. As I explained to you in my opening instruction, if you went outside and saw that it was raining, you would have observed direct evidence of rain. For testimony providing direct evidence, what remains is your responsibility to pass upon the credibility of the witnesses providing it.

> (2) <u>Circumstantial evidence</u> is evidence that tends to prove a fact at issue by proof of other facts from which the fact at issue may be inferred.

The word "infer," or the expression "to draw an inference," means to find that a fact exists from proof of another fact. For example, if a fact at issue is whether it is raining at the moment, none of us can testify directly to that fact, since we are sitting in this courtroom with the shades drawn. Assume, however, that as we sit here, a person walks into the courtroom wearing a raincoat that is wet, and that person is also carrying an umbrella dripping water. We may infer that it is raining outside. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella. An inference is to be drawn only if it is logical and reasonable to do so. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork, suspicion, or speculation.

I remind you once again that you may not convict the Defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. In determining what the facts are, and in arriving at your verdict, you are to consider all of the evidence in this case—direct and circumstantial.

10

**10.**    <u>Deciding What to Believe</u>

In deciding what the facts are, you must decide which testimony to believe, which testimony not to believe, and how much weight to give to the testimony of each witness. In making those decisions, there are a number of factors you may take into account, including the following:

a.    Did the witness seem honest?

b.    Did the witness have any particular reason not to tell the truth?

c.    Did the witness have a personal interest in the outcome of the case?

d.    Did the witness seem to have a good memory?

e.    Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

f.    Did the witness show resentment or anger towards a party?

g.    Did the witness appear to understand the questions clearly and answer them directly?

h.    Was what the witness said supported by other evidence?

i.    Did the witness's testimony differ from the testimony of other witnesses?

People sometimes forget things. A contradiction may be an innocent lapse of memory or it may be an intentional falsehood. Consider, therefore, whether the contradiction has to do with an important fact or only a small detail. In addition, different people observing an event may remember it differently and therefore testify about it differently.

Ultimately, you may consider the factors I have just discussed as well as other relevant factors in deciding how much weight to give to testimony.

Finally, if you find that a witness has lied to you about any matter, however insignificant, you may choose to disregard that witness's testimony in part or in whole.

11

**11.    Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict him- or herself. It is also the case that two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance. A willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of a witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**12.    Interest in Outcome**

In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of the case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you

are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected his or her testimony.

### 13.   Interviews of Witnesses

There was testimony at trial that the attorneys for the Government and the defense interviewed witnesses when preparing for and during the course of the trial. The attorneys for both sides were obliged to prepare this case as thoroughly as possible, and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began, and again as necessary throughout the course of the trial.

### 14.   Expert Witnesses

In this case, I have permitted certain witnesses to express their opinions about matters that are at issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in

13

this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### 15.    Testimony of Government Agents and Law Enforcement Witnesses

During this trial you heard testimony from Government employees and law enforcement witnesses. That a witness works in law enforcement or is a Government employee does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment. By the same token, his or her testimony is not entitled to less consideration simply because he or she works in law enforcement or is a Government employee. You should consider the testimony of Government agents and law enforcement officers just as you would consider any other evidence in the case, and evaluate their credibility just as you would that of any other witness. After reviewing all the evidence, you will decide whether to accept the testimony of law enforcement and Government employee witnesses, and what weight, if any, that testimony deserves.

### 16.    Lawful Border Search

You have heard testimony that the defendant was stopped at John F. Kennedy International Airport upon his arrival from another country, and that he was questioned.

Because the United States has the right to protect its borders and to control the entry of persons or things across its borders, these actions of the United States authorities in relation to the Defendant were lawful.

14

**17.    Specific Investigative Techniques Not Required**

Although the Government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, I instruct you that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all of the evidence in this case, the Government has proven that the Defendant is guilty beyond a reasonable doubt as to each count charged against him.

**18.    Number of Witnesses and Uncontradicted Testimony**

The fact that one party called more witnesses and introduced more evidence than another party does not mean that you should find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness, even if that witness has not been contradicted or impeached, if you find the witness not to be credible. You do have to decide which witnesses to believe and which facts are true. To do this, you must look at all of the evidence, drawing upon your own common sense and personal experience.

**19.    All Available Witnesses Need Not Be Produced**

The law does not require the Government to produce all available evidence or call as witnesses all persons involved in the case who may have been present at any relevant time or place, or who may appear to have some knowledge of a matter at issue in this trial. Nor does the law require any party to produce as exhibits all papers and objects mentioned during the course

15

of the trial. You are always entitled, however, to consider any lack of evidence in determining whether the Government has met its burden of proof beyond a reasonable doubt.

## 20.    Uncalled Witness Equally Available to Both Sides

Both the Government and the defense have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the Defendant, and neither party called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the Defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness. You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

I remind you, however, that because the law presumes the Defendant to be innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendant never has the burden of proving his innocence or of producing any evidence or calling any witnesses at all.

## 21.    Stipulations

The attorneys for the Government and for the Defendant have entered into stipulations concerning facts that are relevant to this case. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must—unless otherwise instructed—accept the stipulation as evidence and regard that fact as proved.

16

22.    **Multiple Counts**

The Indictment contains a total of two counts or charges against the Defendant. Each count charges the Defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count. Whether you find the Defendant guilty or not guilty as to one count should not affect your verdict as to the other charged count.

23.    **Punishment**

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the court. Your function is to weigh the evidence in the case, and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed upon the Defendant—if he is convicted—to influence your verdict in any way, or to enter into your deliberations in any sense. In this regard, I note that the death penalty is not available as a punishment in this case. Furthermore, any references during closing arguments to the possible sentences the Defendant may face were arguments, and nothing more. Again, the question of possible punishment is not your concern. The duty of imposing sentences rests with the court alone. I also remind you that neither the Government nor the Defendant is entitled to any sympathy or favor.

17

**24.**     <u>**Crimes Defined by Statute Only**</u>

In our system, we only have crimes that are defined by statute.  The fact that something may be repugnant to you, or may be something that you think is morally wrong, is irrelevant.  Statutes define our crimes, and from time to time I will talk to you about the individual statutes and how they break down into elements so that you can consider the elements that the Government must prove.  Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever.  You must break the crime down to its elements, see if there is proof beyond a reasonable doubt as to each of those elements, and then, with that determination made, you can render a verdict.

You have heard testimony that the Defendant held views, advocated positions, and associated with others who believed in ideas espoused by terrorist groups, or supportive of terrorist groups.  You may not conclude that the Defendant is guilty of the crime of attempted material support of terrorism simply because he exercised his right to speak his views, publish, distribute, and disseminate ideas, writings, or videos, or associated, met, or communicated with other persons who shared those views.  Nor may you conclude that the Defendant is guilty because you disagree with his views, or find those views to be unusual, unorthodox, offensive, or even extreme.

At the same time, such activity, together with other evidence, may help you determine whether or not the Defendant had the intent necessary to commit the crimes charged in the indictment.  However, you should exercise care in ensuring that any verdict that you render is based on the evidence and the law and not because you find a particular viewpoint to be distasteful or offensive.  Indeed, your determination of the guilt of this Defendant as to the

18

counts that are charged against him in the Indictment must be based upon consideration of the elements of the criminal laws, which I will soon explain to you.

## 25.    Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the Defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you to decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

19

## 26.    The Defendant's Right Not to Testify

The Defendant did not testify in this case. Under our Constitution, he has no obligation to testify or to present any other evidence, because it is the Government's burden to prove their guilt beyond a reasonable doubt. You may not attach any significance to the fact that the Defendant did not testify. Nor may you draw any adverse inference against the Defendant because he did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendant in any way.

20

## Part II

I will now turn to the second part of this jury charge, in which I instruct you about the legal elements of the crimes charged. I will first instruct you on certain legal principles you will be called upon to apply when considering the elements of the crimes charged in this case. Following those instructions, I will then explain the elements of the substantive crimes charged in the Indictment.

### 1.    Knowingly and Intentionally

Because the Indictment charges two separate counts, and because both of the charges implicate the concepts of knowledge and intent, I will tell you up front about those concepts before addressing the charges specifically.

#### a.    Knowingly

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove beyond a reasonable doubt that a defendant acted "knowingly." A defendant acts knowingly if he acts purposely and voluntarily, and not because of ignorance, mistake, accident, carelessness, or other innocent reason. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

#### b.    Intentionally

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a defendant acted "intentionally." Before you can find that a defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, a defendant's acts must have been the product of his

21

conscious, objective decision, rather than the product of mistake or accident. A defendant need not have been aware of the specific law or rule that his conduct may have violated.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the Defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance. You are asked to do the same here.

## 2.    **Substantive Charges**

I will now review the Indictment with you and instruct you as to the legal elements of the crimes with which the Defendant is charged.

## THE INDICTMENT

The Defendant is formally charged in an Indictment. As I instructed you earlier and at the outset of this case, an Indictment is a charge or accusation. The Indictment in this case has two counts. You will be called upon to render a separate verdict as to each count.

## COUNT 1: ATTEMPTED PROVISION OF MATERIAL SUPPORT TO TERRORISM

Count One of the Indictment reads as follows:

> On or about and between May 15, 2014, and January 12, 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant TAIROD NATHAN WEBSTER PUGH did knowingly and intentionally attempt to provide material support and resources, as defined in 18 U.S.C. § 2339A(b), including personnel, including PUGH himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and the Levant.

22

The statute relevant to Count One is Section 2339B(a)(1) of Title 18, United States Code, which provides in relevant part:

**Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts . . . to do so . . . shall be punished.**

I will now review the elements of Count 1. To prove a violation of Section 2339B(a)(1), the Government must establish each of the following elements beyond a reasonable doubt:

### ELEMENTS OF COUNT ONE

To prove a violation of Section 2339B(a)(1), the government must establish each of the following elements beyond a reasonable doubt:

First, that the Defendant attempted to provide material support or resources;

Second, that the Defendant attempted to provide this support or these resources to a foreign terrorist organization, specifically the Islamic State of Iraq and the Levant, which is also known as, among other names, ISIS, ISIL, and "the Islamic State," and which I will refer to in these jury instructions as ISIL;

Third, that the Defendant did so knowingly and intentionally; and

Fourth, either (1) that after the conduct required for the offense occurred and the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; or (2) the offense occurred in whole or in part within the United States.

With respect to the first element of this count, the Government must prove beyond a reasonable doubt that the Defendant attempted to provide material support or resources. Material support or resources can take the form of personnel. The term personnel means one or more persons, which can include a defendant's own person. The Defendant can be convicted for a

23

violation of this statute in connection with attempting to provide personnel if you find that he has knowingly attempted to provide one or more individuals, which may include himself, to work under ISIL's direction or control. However, the Defendant cannot be convicted if he attempted to work independently of ISIL to advance its goals and objectives.

The second element you must find beyond a reasonable doubt is that the Defendant attempted to provide these resources to a foreign terrorist organization, namely, ISIL. I instruct you as a matter of law that ISIL has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated under a previous name, "al-Qaeda in Iraq" by the Secretary on October 15, 2004. I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Consequently, if you find beyond a reasonable doubt that the Defendant attempted to provide "material support or resources," as I have just defined the term, to ISIL during the period charged in the Indictment, the Government's burden with respect to the element of "foreign terrorist organization" has been met.

The third element you must find beyond a reasonable doubt is that in attempting to provide material support or resources to ISIL, the Defendant did so knowingly and intentionally. I previously explained to you the definitions of "knowingly" and "intentionally." For this element to be satisfied, the Government must prove that the Defendant knew one of the following three things: (1) that ISIL had been designated by the Secretary of State as a "foreign

24

terrorist organization"; (2) that ISIL engaged in "terrorist activity"; or (3) that ISIL engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

1. Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2. Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3. A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4. Assassination;

5. Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6. Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7. A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

For the fourth element, you must find beyond a reasonable doubt that either (1) after the conduct required for the offense occurred, the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; or (2) the offense occurred in whole or in part within the United States.

25

## ATTEMPT TO COMMIT A CRIME

In order to prove the charge of Attempted Provision of Material Support to a Foreign Terrorist Organization, the Government must prove the following two elements beyond a reasonable doubt:

First, that the Defendant intended to commit the crime of Providing Material Support to a Foreign Terrorist Organization; and

Second, that the Defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the Defendant of an attempt, you must find beyond a reasonable doubt that the Defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the Defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime. A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed.

26

## COUNT 2: OBSTRUCTION OF AN OFFICIAL PROCEEDING

Count Two of the Indictment reads in pertinent part:

> On or about and between January 10, 2015 and January 16, 2015, within the Eastern District of New York and elsewhere, the defendant TAIROD NATHAN WEBSTER PUGH did knowingly, intentionally and corruptly: (a) alter, destroy, mutilate and conceal one or more records, documents and objects, to wit: four USB thumb drives bearing the numbers 20071464R5, NMC850160, AR212W and 484R1, and the files and images contained thereon, and attempt to do so, with the intent to impair such items' integrity and availability for use in an official proceeding, to wit: a proceeding before a federal grand jury in the Eastern District of New York relating to the commission and possible commission of one or more terrorism offenses, including the offense charged in Count One (the "Grand Jury Terrorism Investigation").

The statute relevant to Count Two is Section 1512(c)(1) of Title 18, United States Code, which provides in relevant part:

> **Whoever corruptly—alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be punished.**

## ELEMENTS OF COUNT TWO

To prove a violation of Section 1512(c)(1), the Government must establish each of the following elements beyond a reasonable doubt:

First, that the Defendant altered (or destroyed or mutilated or concealed) any record, document or tangible object, as alleged in the Indictment;

Second, that the Defendant acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, that the Defendant acted corruptly.

27

The first element the Government must prove beyond a reasonable doubt is that the Defendant altered (or destroyed or mutilated or concealed) any record, document or tangible object, as alleged in the Indictment.

The second element the Government must prove beyond a reasonable doubt is that the Defendant acted with the intent to impair the object's integrity or availability in an official proceeding. An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that a proceeding before a federal grand jury is an official proceeding. The law does not require that the federal proceeding be pending at the time of the Defendant's actions as long as the proceeding was foreseeable such that the Defendant knew that his actions were likely to affect the proceeding. In addition, the Government does not have to prove that the Defendant knew that the proceeding would be in federal court. Rather, it is sufficient for the purposes of Count Two that the Government prove that Mr. Pugh believed his actions were likely to affect a particular, existing or foreseeable official proceeding.

The third element the Government must prove beyond a reasonable doubt is that the Defendant acted corruptly. To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

28

## Part III: General Rules Regarding Deliberations

I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial, and to apply the law as I have given it to you to the facts as you find them from the evidence. Each of you will be provided with a copy of these instructions and a Verdict Sheet for your use during deliberations. You will receive most of the evidence for your review in the jury room. If you require any other items of evidence or any testimony, please advise me.

When you retire, your first duty is to elect a foreperson. Traditionally, Juror Number One acts as a foreperson. Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

Then, it is your duty to discuss the case for the purpose of reaching a verdict. Each of you must decide the case for yourself. You should make your decision only after considering all of the evidence, listening to the views of your fellow jurors, and discussing it fully. It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender your honest belief as to the weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence or lack of evidence in this case, and on the law as the court has given it to you, not on anything else. Opening statements, closing arguments, and other statements or arguments of counsel are not

29

evidence. If your recollection of the facts differs from the way counsel has stated the facts, then your recollection controls.

Finally, bear in mind that the Government has the burden of proof and that you must be convinced of the Defendant's guilt beyond a reasonable doubt in order to return a guilty verdict. If you find that this burden has not been met, you must return a verdict of not guilty. By contrast, if you find that the Government's burden has been met, then you must return a verdict of guilty.

You cannot allow consideration of the punishment that may be imposed upon the Defendant, if convicted, to influence your verdict in any way or to enter into your deliberations. The duty of imposing sentences rests exclusively with me. Your duty is to weigh the evidence in this case and to determine guilt or non-guilt solely upon such evidence or lack of evidence and upon the law, without being influenced by any assumptions, conjectures, sympathy, or inference not warranted by the facts.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court. If you do send any notes to the court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of the guilt or non-

30

guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.

You have a right to see exhibits or review testimony during your deliberations. If you would like to review a witness's testimony during your deliberations, you may send a signed note to me requesting the specific portion of the testimony and we will provide it to you. Please be patient, as it may take some time to locate the relevant portion of the transcript. Please make your requests as specific as possible so that we may more promptly assist you.

When you have reached a decision, the foreperson should sign the verdict form, indicate the date on it, and notify the Marshal by note that you have reached a verdict. Any verdict you reach must be unanimous.

Your oath sums up your duty, and that is: without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

31